746 So.2d 740 (1999)
Pamela B. McCartney OLSEN, Plaintiff-Appellant,
v.
Leonard JOHNSON d/b/a Leonard Johnson and Son, Defendant-Appellee.
No. 99-783.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1999.
*742 Gary J. Ortego, Ville Platte, for Pamela B. McCartney Olsen.
Alex D. Chapman, Jr., Ville Platte, for Leonard Johnson d/b/a Leonard Johnson and Son.
Before DOUCET, C.J., PETERS, and SULLIVAN, Judges.
SULLIVAN, Judge.
Pamela McCartney Olsen appeals the trial court's denial of her claims for treble damages and attorney fees pursuant to La.R.S. 3:4278.1. Defendant, Leonard Johnson, answers the appeal, assigning five errors. For the following reasons, we affirm in part and reverse in part.

FACTS
On November 7, 1997, Ms. Olsen purchased 3.66 acres of property situated in Evangeline Parish with the intent of building a home there. Ms. Olsen testified that she specifically wanted this piece of property because of the number of trees on it. In March or April of 1998, Leonard Johnson & Sons wanted to purchase for harvest trees situated on the property. Ms. Olsen told Mr. Johnson's representative, Carolyn Thompson, that she was not interested in selling any of the trees on her property. Shortly thereafter, trees were cut on a .22 acre section of Ms. Olsen's property. She contacted Mr. Johnson by telephone regarding the cutting of the trees. Ms. Olsen testified that, in her conversation with Mr. Johnson, he admitted cutting the trees explaining that he relied on the neighboring property owner's word as to the location of the property line. Mr. Johnson defended his actions claiming that he attempted to determine the property line of Ms. Olsen's property before cutting any trees.
At the time of these events, Ms. Olsen was engaged to Steve Olsen. Mr. Johnson claims that Mr. Olsen assisted him in determining the location of Ms. Olsen's property line. He also claims that he took other precautions to insure that he did not cross the boundary of the neighboring property. Mr. Olsen denied that he took an active part in marking the property line as claimed by Mr. Johnson. He testified that, prior to cutting the trees, Mr. Johnson asked him to go to the rear of the property with him. Once there, Mr. Johnson asked him if he knew the location of the property line. Mr. Olsen testified that he told Mr. Johnson that he did not know the location of the property line because the property had not been surveyed. Mr. Olsen then testified that Mr. Johnson indicated that he had a plat, surveys, and measurements of the land in his truck.
After the trial, the trial court held that Mr. Johnson trespassed on Ms. Olsen's property and awarded $5,500.00 in damages for the cut timber and aesthetic value of the trees, $750.00 for removal of the debris left on the site, $1,000.00 for emotional distress, $150.00 and $650.00 expert witness fees to Ms. Olsen's surveyor and *743 arborist, respectively. Ms. Olsen's claim for treble damages and attorney fees was denied because the trial court determined that La.R.S. 3:4278.1 was inapplicable to her claims against Mr. Johnson.
On appeal, Ms. Olsen's only assignment of error is the trial court's determination that La.R.S. 3:4278.1 is inapplicable to this matter. In his answer to the appeal, Mr. Johnson assigns as error: a) the awards of $1,000.00 for emotional distress and $5,500.00 for general damages and aesthetic value of the cut trees; b) assessment of expert witness fees of $150.00 to J. Ronald Landreneau, surveyor, and $650.00 to Robert Roy Thibodeaux, consulting arborist, as court costs; c) finding that he trespassed on Ms. Olsen's property; and d) failure to award him damages on his reconventional demand.
LAW AND DISCUSSION

Treble Damages and Attorney Fees
La.R.S. 3:4278.1 provides in part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney's fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.
D. If a good faith violator of Subsection A fails to make payment under the requirements of this Section within thirty days after notification and demand by the owner or legal possessor, the violator shall also be responsible for the reasonable attorney fees of the owner or legal possessor.
In determining that this statute was inapplicable to Ms. Olsen's claim against Mr. Johnson, the trial court reasoned:
This entire section is part of Chapter 28 titled "FOREST AND FORESTRY, PART 1 PROTECTION AND REFORESTATION of the Louisiana Revised Statutes wherein the Louisiana Forestry Commission was established....
... The Court believes that the statute is located in this section because it was intended to relate to timber lands and was intended to affect the timber companies in the timber industry in order that they take the necessary steps to assure proper timber sale location in conjunction with cutting activities and because timber companies have access to timber cruisers, surveyors and other personnel whose obligation to the company and the public is to see that the right tracts only are cut.
In the instant case, since these are large lots located in a wooded suburban area that has been parceled into subdivision lots, this Court is very skeptical that the legislature ever intended it to be applicable under the particular facts of the case at bar and in fact finds it inapplicable.
We find that the trial court erred in refusing to apply this statute to Ms. Olsen's claim. However, for reasons different from those cited by the trial court, we affirm the denial of treble damages. Judicial interpretation of a statute is inappropriate when the statute is clear and *744 unambiguous, and its application does not lead to absurd consequences. La.Civ.Code art. 9. In such cases, the statute "shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Id. There is no ambiguity in La.R.S. 3:4278.1. The statute makes it unlawful "for any person to cut, fell, destroy or remove any trees, or authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor." There is no qualification or requirement in the statute that the trees that have been cut, felled or destroyed be situated on property of a specific size, located in a specific area, or be intended for a specific use. There is no ambiguity in the statute. Its application to this case does not lead to absurd consequences. We find that the trial court erred in not applying La.R.S. 3:4278.1 to this case.
Ms. Olsen proved that trees on her property were cut by Mr. Johnson and that he cut the trees without her consent. However, as argued by Mr. Johnson, Ms. Olsen failed to prove the fair market value of the trees cut by him. Under La.R.S. 3:4278.1(B) and (C), violators of the statute are liable for three times the fair market value of the trees. Ms. Olsen's expert arborist, Robert Roy Thibodeaux, testified that all of the merchantable timber on the.22 acre area had been removed, but he did not give an opinion as to the fair market value of the trees cut by Mr. Johnson. In his testimony, Mr. Thibodeaux outlined clean-up expenses and replacement costs for the trees that had been removed. He did not address the value of the trees cut by Mr. Johnson. Ms. Olsen failed to prove the fair market value of the cut trees; accordingly, the trial court's refusal to award treble damages was correct.
Mr. Johnson argues that because he attempted to establish the boundary line between Ms. Olsen's property and the property of her neighbor, who had granted him permission to cut trees, an award of attorney fees is inappropriate. We disagree. La.R.S. 3:4278.1(D) provides for reasonable attorney fees if a good faith violator fails to make payment within thirty days of notification and demand. Failure to make reparations within thirty days of notice entitles Ms. Olsen to an award of attorney fees. Ms. Olsen notified Mr. Johnson of her claim and demand by certified mail; he received the demand on May 11, 1998. No payment has been made to Ms. Olsen for her damages. We award $3,500.00 in attorney fees for work performed by Ms. Olsen's attorney in the trial court and on appeal.

Trespass
Mr. Johnson argues that the trial court committed error in finding that he trespassed upon Ms. Olsen's property. The trial court held that La.R.S. 3:4278.1 was not applicable to this case. The court went on to decide the matter as a trespass, finding Mr. Johnson liable for damages because he trespassed on Ms. Olsen's property. We have determined that La. R.S. 3:4278.1 is applicable to this case, therefore, we need not address the issue of trespass.

Damages
A trial judge has much discretion in the assessment of damages. Each case is different and the adequacy or inadequacy of the award should be determined by the facts or circumstances of the case under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379, (1994).
We do not find any error with the trial court's award for general damages and the aesthetic value of the cut trees. Ms. Olsen testified that she purchased this piece of property because she wanted to live in the country and because of the trees on the property. At the time of this incident, the Olsens were repairing a mobile home to live in on the property until they can build their home there. Once they *745 move onto the property, each will travel approximately forty miles every day to and from work to be able to "live in the country."
The photographs of the area in question introduced at trial clearly show the damage to the property. The trees of value were cut by Mr. Johnson. Other trees were damaged in the process of removing those trees. Stumps and debris remain on the property. Viewing the photographs, it is easy to understand why Ms. Olsen was so upset by Mr. Johnson's actions. The damaged area is ugly. It will be many years before the property is in a condition similar to what it was before the trees were cut. Ms. Olsen is entitled to recover the value of cut trees, reforestation cost of the cut trees, and for the diminished aesthetic value of her property resulting from the cutting of the trees. Thibodeaux v. Western World Ins. Co., 391 So.2d 24 (La.App. 3 Cir.1980). When we consider the $5,500.00 award of the trial court for general damages and aesthetic value of the property in light of the damage to the property and the importance to Ms. Olsen of the beauty of the trees on her property, we cannot say that the award is excessive.
Ms. Olsen contacted Ms. Thompson the same day that she approached Mr. Olsen about the timber on the property. Ms. Thompson's testimony was to the effect that Ms. Olsen was emphatic, even rude, in telling her that she did not want any of the trees on her property cut. When Ms. Olsen approached her property the afternoon that the trees had been cut, she immediately noticed a difference in the canopy of the trees on the property line. She questioned Mr. Olsen about what happened to the trees before he had a chance to explain the situation to her. Ms. Olsen testified that she was very upset after speaking with Mr. Johnson because he admitted cutting the trees but did not offer to clean up the debris left on the property, stating that he had already paid her neighbor for the trees on the adjacent property. We find no error in the trial court's award of $1,000.00 for mental distress.

Expert Witness Fees
Mr. Johnson next complains that the trial court should not have awarded a $150.00 expert fee to Mr. Landreneau and a $650.00 expert fee to Mr. Thibodeaux. The trial court has much discretion in setting an expert witness fee, which cannot be reversed on appeal in the absence of an abuse of discretion. Viator v. Liverpool & London S.S. Protection and Indem. Ass'n, 97-264 (La.App. 3 Cir. 10/8/97); 701 So.2d 487; writs denied, 98-27 (La. 3/13/98); 712 So.2d 880; cert. denied, ___ U.S. ___, 119 S.Ct. 63, 142 L.Ed.2d 49 (1998). Factors to consider in determining the appropriateness of an expert fee award are: the amount of time required for the experts to prepare their reports; the amount charged for the service rendered; the time spent preparing for trial; the time spent in court; the expertise of the expert; the amount of the award; and the assistance provided to the court by the expert's opinion.
Mr. Johnson complains that he was prepared to stipulate to Mr. Landreneau's testimony so that Mr. Landreneau's preparation for and attendance at trial were unnecessary. Consequently, he argues that the trial court erred in awarding $150.00 as an expert witness fee for Mr. Landreneau's testimony. Ms. Olsen had no obligation to agree to the stipulation. We find no error in the award of $150.00 for Mr. Landreneau's expert testimony at trial.
The trial court expressly disregarded the testimony of Mr. Thibodeaux, the arborist. Even so, he awarded $650.00 as an expert witness fee. Where the trial court disregards the opinion of the expert completely and describes the expert's opinion as "out of touch with reality," we find that it is an abuse of discretion to award a fee for the expert's services. Accordingly, *746 we reverse the award of $650.00 expert witness fee for Robert Roy Thibodeaux.

Reconventional Demand
Lastly, Mr. Johnson argues that the trial court erred in failing to award him any damages on his reconventional demand. He argues that Ms. Olsen's property was enhanced and that she was benefitted by his actions. We do not agree. Mr. Johnson acted, not only without Ms. Olsen's consent, but against her express instructions. We find no error in the trial court's rejection of this demand.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed as to the denial of treble damages, the award of $5,500.00 in general damages and damages for aesthetic value, the award of $1,000.00 for mental distress, the $150.00 expert witness fee for J. Ronald Landreneau, and the denial of Mr. Johnson's reconventional demand. The judgment of the trial court is reversed as to the $650.00 expert witness fee for Robert Roy Thibodeaux and as to the denial of Ms. Olsen's claim for attorney fees. Ms. Olsen is awarded $3,500.00 in attorney fees. All costs of this appeal are assessed to Leonard Johnson.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.