971 So.2d 1045 (2007)
Ray FRISBY
v.
Gustav MUGNIER.
No. 2006 CA 2288.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Writ Denied December 7, 2007.
*1046 Thomas H. Huval, Stephen C. Aertker, Jr., Covington, LA, for Plaintiff/Appellee, Ray Frisby.
Martha D. Bowden, Jeremy D. Goux, Covington, LA, and Bryan C. Mitchell Madisonville, LA, for Defendant/Appellant, Gaston Mugnier.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
In this action arising from the unlawful cutting and removal of trees without landowner consent, Gustav Mugnier[1] appeals the trial court's judgment awarding Ray Frisby damages for restoration of his property. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Mugnier and Frisby own adjacent property in Covington, Louisiana. In November of 2003, Mugnier cleared out trees, brush, and undergrowth on his land, but went beyond the boundary line between the properties and cut trees on land owned by Frisby. On June 7, 2004, Frisby filed a petition for damages naming Mugnier as a defendant and claiming that Mugnier entered his property and cut and/or destroyed a number of trees. In his petition, Frisby sought damages and attorney fees pursuant to La. R.S. 3:4278.1 and "any other legal and equitable relief deemed proper in the premises." Following a trial on January 6, 2006, the trial court signed a judgment in favor of Frisby and against Mugnier in the amount of $21,000.00 in damages, plus expert fees, costs, and judicial *1047 interest. Mugnier now appeals from this judgment.

DISCUSSION
A landowner whose timber has been removed without his consent may recover damages pursuant to La. R.S. 3:4278.1 or under general tort principles set forth in La. C.C. art. 2315. Hornsby v. Bayou Jack Logging, 04-1297, p. 5 (La.5/6/05), 902 So.2d 361, 365; First South Production Credit Association v. Georgia-Pacific, 585 So.2d 545, 549 (La. 1991).
Louisiana Revised Statute 3:4278.1 provides, in pertinent part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with the specific terms of a legal contract or agreement.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney's fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.
Accordingly, in order for a landowner to recover treble damages from a person who unlawfully cuts, fells, destroys, removes, or diverts trees from his property under La. R.S. 3:4278.1, a plaintiff must establish the fair market value of the trees. Hornsby, 04-1297 at pp. 12-13, 902 So.2d at 369-370. There is no qualification or requirement in La. R.S. 3:4278.1 that trees that have been cut, felled, or destroyed be situated on property of a specific size, located in a specific area, or be intended for a specific use. Olsen v. Johnson, 99-783, p. 5 (La. App. 3rd Cir.11/3/99), 746 So.2d 740, 744.
Under La. C.C. art. 2315, a person may recover damages for injuries caused by a wrongful act of another.[2] Article 2315 provides "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." A person injured by trespass or fault of another is entitled to full indemnification for the damages caused. Callison v. Livingston Timber, Inc., 02-1323, p. 3 (La. App. 1st Cir.5/9/03), 849 So.2d 649, 652. As a general rule, when a person sustains property damage due to the fault of another, he is entitled to recover damages including the cost of restoration that has been or may reasonably be incurred, or, at his election, the difference between the value of the property before and after the harm. If, however, the cost of restoring the property to its original condition is disproportionate to the value of the property or economically wasteful, unless there is a reason personal to the owner for restoring the original condition, or there is *1048 reason to believe that the plaintiff will, in fact, make the repairs, damages are measured only by the difference between the value of the property before and after the harm. Roman Catholic Church of the Archdiocese of New Orleans v. Louisiana Gas Service Company, 618 So.2d 874, 879-880 (La.1993). However, each case must rest on its own facts and circumstances as supported by proof in the record. Hornsby, 04-1297 at p. 9, 902 So.2d at 367.
In the instant case, the trial court found that La. R.S. 3:4278.1 was applicable and that Mugnier willfully and intentionally cut and felled trees on Frisby's property without his consent. However, the trial court determined that Frisby failed to produce evidence as to the fair market value of the trees (i.e., the value of the trees as timber), and accordingly it did not award Frisby treble damages. Rather, the trial court found that based on the facts pled in Frisby's petition, he was entitled to general damages under La. C.C. art. 2315, and based on expert testimony, the court awarded replacement cost of similar trees in the amount of $17,000.00 and cost to cure the remaining damages in the amount of $4,000.00. Mugnier asserts that the trial court erred in awarding damages under La. C.C. art. 2315 when Frisby had not alleged a cause of action under that article.
Louisiana's Code of Civil Procedure establishes a system of fact pleading. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout litigation, has been abolished. First South Production Credit Association, 585 So.2d at 548. In his petition, Frisby alleged that Mugnier cut and/or destroyed a number of trees on his property in November 2003, and Frisby sought replacement costs for the cut trees, removal of damaged trees, and "any other legal and equitable relief deemed proper in the premises."[3] A fair reading of Frisby's petition is that he is seeking any damages for the cutting and removal of the trees to which it may be entitled under the facts asserted. That claim is not limited by the specific reference in the petition to La. R.S. 3:4278.1, as a demand for treble damages does not foreclose a plaintiff's right to receive a smaller damage award to which he may be legally entitled. See First South Production Credit Association, 585 So.2d at 549. Accordingly, we find Mugnier's argument that Frisby failed to assert a claim under La. C.C. art. 2315 is without merit.[4]
Additionally, from our review of the record, we cannot find that the trial court was manifestly erroneous or abused its discretion in awarding Frisby $21,000.00 in general damages. Frisby presented uncontroverted expert testimony as to the cost for replacement of the cut trees and removal of the damaged trees. Further, there was no evidence that these costs are disproportionate to the value of Frisby's property.

*1049 CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the appellant, Gustav Mugnier.
AFFIRMED.
NOTES
[1] Mr. Mugnier filed pleadings naming himself variously as "Gustav Mugnier" and "Gaston Mugnier;" however, in his trial testimony, he stated that his name was "Gustav Mugnier"
[2] In order to recover under La. C.C. art. 2315, a plaintiff must satisfy all the elements of negligence. However, Mugnier did not dispute at trial that he inadvertently cut trees on Frisby's property. Accordingly, the only issue before this court on appeal is the proper measure of damages.
[3] We also note that Frisby asserted at trial that there were other principles of law under which he had sued and that he was not limiting his claim to just La. R.S. 3:4278.1. Mugnier's counsel did not object, but indicated his disagreement with the extent of Frisby's claim and stated that "the petition for damages speaks for itself." Further, Frisby presented argument on the application of La. C.C. art. 2315 in his post-trial memorandum.
[4] Based on our determination of this issue, we pretermit discussion of Mugnier's remaining assignments of error regarding La. R.S. 3:4278.1.