**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**09-1548**

**ARCHIE P. JOSEPH, ET AL.**

**VERSUS**

**SANDRA THERIOT, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 66,937
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED AS AMENDED.**

**Archie P. Joseph, Attorney at Law**
**P.O. Box 1283**
**Breaux Bridge, LA 70517**
**Counsel for Plaintiffs/Appellants:**
    **Archie P. Joseph and Melissa B. Joseph**


**Kraig T. Strenge, Attorney at Law**
**P.O. Drawer 52292**
**Lafayette, LA 70502-2292**
**Counsel for Defendants/Appellees:**
    **Sandra Theroit and National Union Fire**
    **Insurance Company of Louisiana**

**PAINTER, Judge.**

Plaintiffs, Archie P. Joseph and Melissa B. Joseph, appeal the jury's allocation of fault, the amount of damages awarded, and the failure to award attorney's fees pursuant to La.R.S. 3:4278.1, the statute dealing with the cutting of trees without the owner's consent. For the following reasons, we affirm the jury's allocation of fault but amend its award of past damages.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about July 23, 1999, Plaintiffs, the Josephs, purchased a lot located in Bayou Oaks Subdivision, II, in Breaux Bridge, Louisiana, from Michael and Linda Combs. The Josephs purchased the lot with the intent to build a home there. A live oak tree alleged to be in excess of one hundred years old was located on the lot. Defendant, Sandra Theriot, who died during the pendency of this litigation, was the owner of Lot 4, which was adjacent to Lot 3.

On or about August 5, 2002, JIL Tree Service Inc., cut down the live oak tree located on the Josephs' lot. The Josephs allege that Ms. Theriot hired JIL to remove the live oak tree. The Josephs filed the present lawsuit, alleging that JIL, at the instruction of Ms. Theriot, illegally entered Lot 3 without the Josephs' consent or knowledge and cut down the live oak tree, did not do a complete job in removing the stump and roots, and thereby caused them to incur expenses to remove the stump and roots, depreciation of the value of their real property, emotional distress, and the loss of the value of the live oak tree. Ms. Theriot, her insurer, and JIL were named as defendants. Ms. Theriot filed a general denial in answer to the suit and also filed a cross-claim against JIL. JIL did not answer the suit, and a preliminary default was taken on June 13, 2005. The Josephs filed a supplemental petition naming the administrations of the estate of Ms. Theriot and National Union Fire Insurance Company of Louisiana as Defendants. The matter proceeded to trial by jury. At the close of Defendants' evidence, the Josephs moved for a directed verdict on the issue of Ms. Theriot's liability. The trial court granted that motion. The matter was then given to the jury, which returned a verdict in favor of the Josephs. The jury found

1

Ms. Theriot to be seventy-five percent at fault and JIL to be twenty-five percent at fault. The jury awarded $225.00 for expenses incurred by the Josephs to remove the stump, roots, and other debris. No damages were awarded for the fair market value of the live oak tree or for attorney's fees. The Josephs filed a motion for judgment notwithstanding the verdict and/or new trial which was denied by the trial court. This appeal by the Josephs followed.

**DISCUSSION**

The Josephs first allege that the trial court committed reversible error when it allowed the jury to apportion liability after granting their directed verdict on the issue of Ms. Theriot's liaiblity. The Josephs assert that the trial court found that Ms. Theriot acted willfully and intentionally and was one hundred percent liable. We do not find that this assertion is supported by the record. Furthermore, the findings of liability and the allocation of fault are two separate inquiries. Louisiana Civil Code article 2323 provides, in pertinent part, that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty." We find no merit in the Josephs' assertion that fault cannot be allocated by the jury after the trial court directs a verdict on the issue of the liability of one party.

The Josephs also argue that the jury's allocation of fault was contrary to the facts presented at trial. The jury apportioned seventy-five percent of the fault to Ms. Theriot and twenty-five percent of the fault to JIL. We note that the Josephs named JIL as a defendant and, in fact, took a preliminary default against JIL when it failed to file an answer and that Ms. Theriot filed a cross-claim against JIL. Thus, the fault of JIL was clearly at issue at trial. The trial court declined to change the jury's assessment of fault when indirectly presented with the opportunity through the motion for JNOV. The Josephs have not appealed the trial court's ruling with respect to the motion for JNOV.

2

In *Domingue v. Excalibar Minerals of Louisiana, LLC*, 05-1018, p. 8 (La.App. 3 Cir. 7/26/06), 936 So.2d 282, 288, *writs denied*, 06-2480, 06-2489 (La. 2/2/07), 948 So.2d 1077, 1078, this court noted:

> In reviewing the fact finder's allocation of fault, we are guided by the following standard of review:
>
> > The applicable standard of review regarding the factual consideration of respective degrees of fault is the manifest error or clearly wrong standard. *Clement v. Frey*, 95-1119, 95-1163 (La.1/16/96), 666 So.2d 607. This well-known standard prohibits an appellate court from altering a fact finder's determinations, unless those determinations and findings have been found to be clearly wrong upon review of the trial court record. While applying this standard, great deference must be given to the fact finder's results; however, the appellate court is required to simultaneously remain mindful of its constitutional duty to review the facts. La. Const. art. 5, §§ 5(C), 10(B); *Clement*, 666 So.2d 607; *Ambrose v. New Orleans Police Dept. Ambulance Serv.*, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216. In doing so, should it be determined that the record supports a finding that the fact finder was clearly wrong or that it abused its wide discretion, this court is empowered to reallocate fault. *Clement*, 666 So.2d 607. The deference we continue to owe to the fact finder, however, restrains us in any such reallocation, in that we are allowed to adjust fault only to the extent of lowering or raising it to the highest or lowest point, respectively, which would have been reasonably within the jury's discretion. *Id.*

*Yellott v. Underwriters Ins. Co.*, 04-1342, p. 12 (La.App. 3 Cir. 8/31/05), 915 So.2d 917, 926, *writ denied*, 05-2439 (La.4/24/06), 926 So.2d 540.

Moreover, we are mindful of this court's observation, in *Layssard v. State, Department of Public Safety and Corrections*, 07-78, p. 4 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, 1058, *writ denied*, 07-1821 (La. 11/9/07), 967 So.2d 511, that "the allocation of fault is not an exact science, nor is it the search for a precise ratio." Thus, we must consider the jury's allocation of fault under the manifest error standard of review, and we must be mindful of the requirement that credibility determinations are for the trier of fact and that "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

The Josephs alleged, in their petition for damages, that JIL was at fault for failure to exercise due caution while on their property to avoid damage thereto and for leaving debris and equipment tracks on the property. The Josephs themselves presented evidence that JIL did not completely remove the stump or all roots of the live oak tree. Considering all the facts adduced from the evidence and testimony presented at trial, we cannot say the jury's allocation of fault is manifestly erroneous.

The Josephs next argue that the jury abused its discretion when it awarded them $225.00 for past expenses. The Josephs assert that the evidence showed expenses totaled $975.00 for the cost of the removal of the debris associated with the cutting of the live oak tree. The Josephs paid Daniel Green Tree Services $225.00 for grinding the remainder of the stump. The Josephs also presented evidence that they paid $350.00 to James Gaines to remove the roots and other debris. However, this expense was incurred some three years after the tree was cut down when Mr. Gaines was constructing a driveway on the property. The Josephs further presented testimony that they obtained a survey at the cost of $400.00 in order to establish their property's boundaries. We agree that the jury abused its discretion in failing to award the costs for the removal of the debris. Therefore, we increase the award of past expenses to $575.00. We decline to award the amount paid for the survey as this was unrelated to the cutting down of the live oak tree.

Plaintiffs next argue that the jury abused its discretion when it awarded nothing for the fair market value of the live oak tree in violation of La.R.S. 3:4278.1.

Louisiana Revised Statute 3:4278. 1 provides, in pertinent part:

A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.

B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney's fees.

4

C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.

This is the applicable statute. Mr. Joseph, who represented himself and his wife at trial, did not object to the trial court's failure to charge the jury under La.Civ. Code art. 2315 and neither raises this issue on appeal nor argues in brief that Article 2315 is applicable. We find that the Josephs proved that the live oak tree on their property was cut by Ms. Theriot and JIL without their consent. The Josephs' expert testified, as pointed out by the Josephs themselves, that the tree was irreplaceable and that he could only come close to replacing that loss by replanting. We do not find that this is proof of the fair market value of the tree. *See Olsen v. Johnson*, 99-783 (La.App. 3 Cir. 11/3/99), 746 So.2d 740, wherein we noted that the plaintiff's expert testimony as to the cost of replacement did not address the value of the trees that were cut down. Furthermore, there was ample testimony indicating that the tree was rotten and, therefore, had no value. Thus, we do not find that the jury abused its vast discretion in awarding nothing for the fair market value of the tree.

The Josephs next argue that the jury abused its discretion in failing to award attorney's fees under La.R.S. 3:4278.1. We do not agree. Louisiana Revised Statute 3:4278.1(B), as quoted above, provides for the recovery of reasonable attorney's fees where the violation is willful or intentional. We do not find that the evidence proved that Ms. Theriot's conduct was willful or intentional such that the imposition of attorney's fees was mandated by statute. There is evidence in the record to support the jury's finding that no attorney's fees are recoverable in this case, and we find that the jury did not abuse its discretion in failing to make such an award.

### DECREE

For all of the foregoing reasons, we affirm the jury's allocation of fault. We increase the award for past expenses from $225.00 to $575.00. In all other respects, the jury's verdict is affirmed. Costs of this appeal are assessed equally to Plaintiffs-

5

Appellants, Archie P. Joseph and Sandra Theriot, and Defendants-Appellees, Sandra

Theriot and National Union Fire Insurance Company of Louisiana.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.